JOSEPH RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JOSHUA HILL (CABN 250842)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone: (510) 637-3740
    Facsimile: (510) 637-3724
    E-Mail: Joshua.Hill2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 08-173-01 DLJ |
| Plaintiff, ) | UNITED STATES SENTENCING MEMORANDUM FOR DEFENDANT JUAN SARZA-GOMEZ |
| v. ) | |
| JUAN SARZA GOMEZ, ) | Hearing Date: August 29, 2008 |
| Defendant. ) | Hearing Time: 10:00 a.m. |

## I.

## INTRODUCTION

On March 19, 2008, a federal grand jury indicted defendant Juan Sarza-Gomez ("defendant") for illegally reentering the United States after having been deported and after having sustained a conviction for at least one felony crime punishable by a term exceeding one year imprisonment, in violation of Title 18, United States Code, section 1326(a) and (b). The defendant and the government subsequently submitted a plea agreement to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the Court ordered the United States Probation Office (USPO) to prepare a presentence investigation report (PSR). The hearing for sentencing is currently scheduled for August 29, 2008.

UNITED STATES' SENTENCING MEMORANDUM FOR DEFENDANT JUAN SARZA-GOMEZ

On June 6, 2008, defendant plead guilty to the indictment. The parties agree that the Court should sentence defendant to the low end of the Guidelines range of 51 to 63 months imprisonment, three years of supervised release with one condition that defendant not reenter the United States illegally (with conditions otherwise to be fixed by the Court), no fine, a $100 special assessment, and no restitution. The PSR correctly calculates the applicable United States Sentencing Guideline (U.S.S.G.) offense level as 17 and the applicable guideline range as 51 to 63 months. The government respectfully requests that this Court sentence defendant to the low end of the applicable Guidelines range, 51 months imprisonment.

## II.
## SENTENCING GUIDELINES CALCULATIONS

The parties agree with the USPO's computation of the sentencing guidelines applicable to defendant as follows:

| | | |
|---|---|---|
| Base Offense Level: | 8 | U.S.S.G. § 2L1.2(a) (unlawfully entering or remaining in the United States) |
| Specific Offense Characteristics: | 16 | U.S.S.G. § 2L1.2(b)(1)(A) (felony drug conviction) |
| | -4 | U.S.S.G. § 5K3.1 (early disposition program) |
| | -3 | U.S.S.G. § 3E1.1(a) & (b) (acceptance of responsibility) |
| **Total:** | 17 | |

## III.
## DISCUSSION OF GUIDELINES CALCULATIONS

**A.    U.S.S.G. § 2L1.2(a) (Unlawfully Entering or Remaining in the United States)**

Defendant admits in the factual basis of the plea agreement (paragraph 2) that he is not and has never been a citizen of the United States, was deported on or about May 24, 2004 and July 3, 2000, and was subsequently found in the United States on or about September 29, 2007. Based on defendant's admission, the parties and the USPO are in agreement that defendant's base offense level is 8. (PSR ¶ 12).

**B.  U.S.S.G. § 2L1.2(b)(1)(A) (Felony Drug Conviction)**

Defendant also admits in the factual basis of the plea agreement (paragraph 2) that he was convicted by the State of California of two counts of possession with intent to sell cocaine and possession to sell heroin, Health and Safety Code, section 11351, felony violations for which the sentence imposed exceeded thirteen months.  Based on defendant's admissions, the parties and the USPO are in agreement that a 16-level increase is warranted.  (PSR ¶ 13)

**C.  U.S.S.G. § 5K3.1 (Early Disposition Program)**

The government moves the Court to depart downward no more than four levels pursuant to the early disposition program authorized by the Attorney General of the United States and the United States Attorney for the Northern District of California.

**D.  U.S.S.G. § 3E1.1(a) & (b) (Acceptance of Responsibility)**

The government respectfully recommends that defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a), because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt.

Defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b).  To qualify for this third point, the defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  § 3E1.1(b).  Because the defendant intends to plead guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that the he be granted this third point as well.

## IV.

## STATUTORY SENTENCING FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider, in addition to the sentencing guidelines, the factors set forth 18 U.S.C. § 3553(a).  These factors include the need for the

sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. The 51-month sentence recommended by the USPO achieves all of these sentencing goals.

## V.
## CONCLUSION

For the foregoing reasons, the government respectfully requests that, taking into consideration the sentencing factors set forth in section 3553(a), that the Court sentence defendant to 51 months imprisonment, a three-year term of supervised release (under the terms and conditions recommended by the USPO), and order defendant to pay a $100 special assessment. Accordingly, a sentence of 51 months imprisonment, three years supervised release, no fine, and a $100 special assessment is therefore reasonable and appropriate.

DATED:     August 22, 2008            Respectfully submitted,

                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney


                                      _____/s/_____
                                      JOSHUA HILL
                                      Assistant United States Attorney